UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

NORMAN L. WOERNER,  Case No. 09-13918-MAM-11

    *Debtor*.


VISION BANK,

    *Plaintiff*,

v.  Adv. Proc. No. 09-1124

NORMAN L. WOERNER,

    *Defendant*.


**ORDER GRANTING MOTION TO AMEND FINDINGS AND
DENYING MOTION TO AMEND JUDGMENT**

    Richard Gaal, Attorney for Plaintiff, Mobile, AL
    Irvin Grodsky, Attorney for Defendant, Mobile, AL

This case is before the Court on the motion of the Plaintiff, Vision Bank, to amend the findings made by the Court in its order entered February 7, 2011. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. Based upon the facts stated in the motion and the Court's review of its own record, the Court concludes that Plaintiff Vision Bank is correct that it obtained the UCC-1 filings for Wood Treaters, LLC through the Bank's own efforts. The findings of fact should be amended accordingly.

The Court concludes that the amendment of this factual finding does not change the conclusions of the Court. In fact, the amendment further bolsters the Court's original ruling. If

Woerner did not provide the UCC-1s reflecting liens on WoodTreater's assets, then Vision Bank had less reason to rely on Woerner's or Total Vision's statements to it. The discovery of the financing statements should have prompted more inquiries by the Bank of Woerner and his entities.

THEREFORE, IT IS ORDERED AND DECREED that

1. The motion of Plaintiff, Vision Bank, is granted and the findings of fact in the order entered February 7, 2011 are amended to state that Vision Bank obtained copies of the UCC-1 financing statements of WoodTreaters, LLC to AmSouth Bank. They were not provided by the debtor, Norman Woerner or any of the corporations he controlled.

2. The judgment entered February 7, 2011 is reaffirmed and judgment is entered in favor of the Defendant, Norman L. Woerner, declaring the debt owed by him to Vision Bank to be dischargeable in his bankruptcy case.

Dated: February 23, 2011

_____
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE